UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Mamie Whitaker,<br><br>               Plaintiff,<br><br>     v.<br><br>Greenwood County School District 52, Rex Ward, David Schoolfield, and Kayce Bradley, in their individual capacities,<br><br>               Defendants. | C.A. No.:  8:19-cv-1930-BHH-JDA<br><br>**DEFENDANTS' PARTIAL ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Greenwood County School District 52 ("District"), Rex Ward ("Ward"), David Schoolfield ("Schoolfield"), and Kayce Bradley ("Bradley") (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the Complaint of Mamie Whitaker ("Plaintiff"), in accordance with the numbered paragraphs thereof, as follows:

**PARTIES AND JURISDICTION**

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted in part and denied in part.  The District admits only that it is headquartered in Greenwood County, South Carolina.  Defendants assert the United States District Court District

of South Carolina, Greenwood Division is the proper venue and has subject matter jurisdiction over this matter.  Defendants deny the remaining allegations contained in Paragraph 8.

## **FACTUAL ALLEGATIONS**

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Admitted in part and denied in part.  Defendants admit only that Plaintiff complained to the District in 2010 and 2016 regarding Andrea Bamberger.  Defendants deny the remaining allegations contained in Paragraph 14.

15. Denied.

16. Admitted in part and denied in part. Defendants admit only that Plaintiff participated in the Program of Alternative Certification of Educators to obtain a professional teaching certification and that the District did not schedule an ADEPT evaluation during Plaintiff's first four active years with PACE.  Defendants deny the remaining allegations contained in Paragraph 16.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied as stated.  Defendants admit only that Plaintiff did not participate in the ADEPT/SAFE-T orientation.

21.    Admitted in part and denied in part.  Defendants admit only that in May 2017, the South Carolina Department of Education informed the District's Assistant Superintendent that Plaintiff had completed all PACE requirements except passing the Praxis exam, submitting Plaintiff's official transcript for her *Classroom Management Course*, and the successful ADEPT evaluation.  Defendants deny the remaining allegations contained in Paragraph 21.

22.    Admitted in part and denied in part.  Defendants admit Plaintiff passed the Principles of Learning and Teaching("PLT") portion of the Praxis exam on August 25, 2017. Defendants deny the remaining allegations contained in Paragraph 22.

23.    Admitted in part and denied in part.  Defendants admit only that the District hired a football coach for NSHS before the start of the 2017-18 school year, and, at the time of his hire, there were two African American teachers employed at NSHS.  Defendants deny the remaining allegations in Paragraph 23.

24.    Admitted.

25.    Admitted.

26.    Denied.

27.    Denied.

28.    Admitted in part and denied in part.  Defendants admit only that Schoolfield and Plaintiff discussed her concerns with teaching the keyboarding tutorial and that Plaintiff asked if she could teach Microsoft Word to satisfy ADEPT.  Defendants deny the remaining allegations of Paragraph 28.

29.    Denied, including as to subparts a) through d).

30.    Denied.

31.     Admitted in part and denied in part.  Defendants admit only that Schoolfield told Plaintiff she could not teach Microsoft Word and that she could only teach keyboarding. Schoolfield denies the remaining allegations in Paragraph 31.

32.     Admitted in part and denied in part.  Defendants admit that Plaintiff contacted Joanne Campbell ("Campbell"), the District's Director of Federal Programs, to request assistance with the keyboarding tutorial and that Campbell referred her to the company that sold it to the District.  Defendants also admit Campbell was on Plaintiff's evaluation team.  Defendants deny the remaining allegations in Paragraph 32.

33.     Admitted.

34.     Admitted in part and denied in part.  Defendants admit only that Schoolfield did not authorize the closing of the entire school for attendance at the Black History Month program due to the short notice of the invitation; however, Schoolfield permitted each EMS teacher to attend the event with their students. Defendants deny the remaining allegations contained in Paragraph 34.

35.     Admitted in part and denied in part.   Defendants admit Schoolfield informed Plaintiff she did not pass her evaluation in a meeting on or about March 21, 2018, and that Plaintiff did not agree with the outcome of her evaluation.  Defendants deny the remaining allegations contained in Paragraph 35.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Admitted in part and denied in part. Defendants admit only that the District did not offer Plaintiff a contract for the 2018-19 school year, and the District did not offer Plaintiff an employment position thereafter. Defendants deny the remaining allegations of Paragraph 40.

41.     Denied.

42.     Denied.

43.     Denied.

**FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT DISTRICT**
**(Violation of Title VII – Race Discrimination)**

44.     The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Complaint.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

**FOR A SECOND CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**(Civil Conspiracy)**

49.     Defendants incorporates by reference herein their responses to the preceding paragraphs of Plaintiff's Complaint.

50.—54.  Defendants Ward, Schoolfield, and Bradley ("Individual Defendants') filed a motion seeking dismissal of this cause of action pursuant to Fed. R. Civ. Pro. 12(b)(6), the Individual Defendants deny the allegations contained in Paragraphs 50 through 54.

## PRAYER FOR RELIEF

Plaintiff's "WHEREFORE" statements constitute demands for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to the relief she seeks.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith and Reasonable Manner)

At all times referenced, the District acted in good faith and in a reasonable manner.

## THIRD AFFIRMATIVE DEFENSE
### (Legitimate, Employment-Related Reasons)

All of the District's actions regarding Plaintiff were based on legitimate, employment-related reasons, which were not retaliatory, discriminatory, or otherwise unlawful.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Official Policy or Custom)

Plaintiff cannot establish that the alleged violations of her Constitutional rights were caused by an official policy or custom of the District.

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Beyond Scope of EEOC Charge)

Plaintiff's claims are not actionable to the extent such claims are beyond the scope of her EEOC charge of discrimination.

## SIXTH AFFIRMATIVE DEFENSE
### (Objectively Reasonable Actions)

The District's actions were objectively reasonable in light of the existing law; therefore, the District is entitled to immunity.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Causal Connection)

Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to state a *prima facie* case)

Plaintiff fails to state a *prima facie* case under the claims or cause of action she has asserted. In the alternative, assuming Plaintiff has stated a *prima facie* case, all conduct and actions on the part of District concerning Plaintiff were wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons.

## NINTH AFFIRMATIVE DEFENSE
### (Reasonable Factors Other than Race)

The decisions Plaintiff challenges were based on reasonable business factors other than race.

## TENTH AFFIRMATIVE DEFENSE
### (Good Cause)

The decisions Plaintiff challenges were based on good cause other than race.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to comply with the time limits for pursuing administrative remedies for age discrimination complaints.

**TWELVETH AFFIRMATIVE DEFENSE**
**(Punitive Damages Violate Amendments to the U.S. Constitution and S.C. Constitution)**

The District would show that an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I, § 3 of the S.C. Constitution in that:

a. the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

b. any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c. any award of punitive damages based upon the wealth of the District violates due process;

d. the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness;

f. Plaintiff's claim for punitive damages violates that equal protection clause of the Fourteenth Amendment of the U.S. Constitution and Article I, § 3 of the S.C. Constitution in that the amount of punitive damages is based upon wealth of the District; and

g. in addition, Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, § 8 of the S.C. Constitution for the reason that punitive damages are a creation of the judicial branch of government that invades the province of the legislative branch of government.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Violate U.S. and South Carolina Constitutions)**

The District alleges that Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, § 3 of the South Carolina Constitution in one or more of the following particulars:

a. that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees;

b. that, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness; and

c. that the amount of punitive damages awarded is based upon the wealth of the District in violation of its right to equal protection of the laws.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Engage in Infringing Conduct)**

At all times relevant to this action, the District did not engage in any conduct which violated or infringed upon Plaintiff's rights under the United States Constitution or any other Federal right or privilege.

**FIFETEENTH AFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff's claims are barred or diminished to the extent she has failed to mitigate her alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reliance on Other Defenses)**

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and they reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, having answered the required portions of Plaintiff's Complaint, Defendants pray that the same be dismissed with prejudice, together with the costs and disbursements of this action, and for such other relief as this Court deems proper.

*Respectfully Submitted by,*

WHITE & STORY, LLC

By: s/J. Alexander Sherard
    Ashley C. Story (Fed. ID No. 11505)
    J. Alexander Sherard (Fed ID No. 12777)
    P.O. Box 7036
    Columbia, SC  29202
    T: 803.814.0993
    F: 803.814.1183
    astory@sodacitylaw.com
    asherard@sodacitylaw.com

*Attorneys for Defendants*

July 15, 2019
Columbia, South Carolina