**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION**

| | |
|---|---|
| Mamie Whitaker,<br><br>                Plaintiff,<br><br>v.<br><br>Greenwood County School District 52, Rex Ward, David Schoolfield, and Kayce Bradley, in their individual capacities,<br><br>                Defendants. | Civil Action No.: 8:19-cv-01930-BHH-JDA<br><br>**REPLY TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION BY DEFENDANTS REX WARD, DAVID SCHOOLFIELD, AND KAYCE BRADLEY** |

Defendants Rex Ward ("Ward"), David Schoolfield ("Schoolfield"), and Kayce Bradley ("Bradley") (collectively "Individual Defendants"), by and through their undersigned counsel, hereby file their Reply to Plaintiff's Objections to the Report and Recommendation issued by United States Magistrate Judge, the Honorable Jaqueline D. Austin, on October 16, 2019 ("Report"). (ECF No. 17.)

**INTRODUCTION**

The Report recommends that Plaintiff's Civil Conspiracy claim against the Individual Defendants should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for two reasons: (1) Plaintiff's lack of alleged acts in her Complaint in furtherance of a civil conspiracy that are separate and apart from the actions underlying the discrimination claim; and (2) Plaintiff's failure to identify damages in her Civil Conspiracy claim not caused by the alleged discrimination claim. Plaintiff filed her objections to the Report on October 30, 2019 ("Objections") (ECF No. 18.) In her Objections, Plaintiff points to two specific objections to the Report outlined below. (ECF No. 18, p 2.) Thus, in light of the Report's recommendation to the District Court of South Carolina,

the Individual Defendants respectfully request the District Court of South Carolina fully adopt the Report or issue an Order and Opinion supporting the same.

## ARGUMENT

**A. The Court should disregard Plaintiff's first specific objection and adopt the Report dismissing the Civil Conspiracy cause of action because the Magistrate Judge correctly contemplates Plaintiff's lack of alleged acts in furtherance of the conspiracy in their Complaint, warrants dismissal.**

In concluding that Plaintiff does not allege any additional wrongful acts in furtherance of a conspiracy by the Individual Defendants that are separate and apart from the underlying discrimination claim, the Report correctly finds that the Complaint fails to state a claim for the Civil Conspiracy (ECF No. 17, p.7.)  The Report properly focuses on the allegations leading up to Plaintiff's Civil Conspiracy cause of action; the conclusory allegations that fall under the Civil Conspiracy cause of action; and the lack of distinction of conduct "separate and apart" from the underlying discrimination claim that allegedly furthers the conspiracy.

The Report correctly relies on the holding in *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) relying on well-established legal precedent that "[a] claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint."  *Id*. Thus, to properly plead a claim for civil conspiracy, "one must plead additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim."  *Id*. at 875.

In this case, Plaintiff fails to plead actions "separate and independent" from the Title VII discrimination claim.  First, in Paragraph 49 In the Complaint, Plaintiff's Civil Conspiracy claim merely states that "Plaintiff realleges the forgoing where consistent herewith. . . ."  (ECF No. 1-1, ¶ 49.) Clearly, by its very definition, realigning all claims previously plead, Plaintiff is not stating

anything "additional" other than to reiterate what is already alleged in the Complaint. Second, as the Report correctly points out, the Complaint goes on to insert conclusory allegations that, "[t]he individual defendants and others met, conspired, and schemed to cause Plaintiff harm." (ECF No. 1-1, ¶ 50.)

In *State Farm Life Ins. Co. v. Murphy*, 260 F. Supp. 3d 497, 504 (D.S.C. 2017), this court held that a "[Plaintiff] cannot plead the same set of facts for the actionable wrong and the civil conspiracy, then expect to recover damages for both." *Id.* In that case, in plaintiff's claim for civil conspiracy, the plaintiff merely incorporated by reference the alleged acts of [the defendants] in her intentional interference with contract claim and added conclusory allegations that [the defendants] were engaged in a conspiracy." *Id.* Because Plaintiff does not identify any conduct in support of the alleged conspiracy that was not also a basis for the discrimination claim and only alleges conclusory allegations related to the Civil Conspiracy, the Complaint is completely devoid of separate and independent factual support to sufficiently allege Civil Conspiracy. Thus, as was the result in *Murphy*, Plaintiff fails to state a claim for civil conspiracy in the current action.

In Plaintiff's Objections to the Report, Plaintiff indicates a patchwork of varying allegations that are allegedly "independent of the acts [underlying discrimination claim]" and, as Plaintiff argues, are applicable to the Civil Conspiracy cause of action. (ECF No. 18. p. 8.) However, this Court has held that a Complaint that merely "realleges [previously alleged claims] . . ." along with "a plaintiff's contention that the allegations are independent of the other causes of action without explanation" warrants dismissal under Fed. R. Civ. Pro. 12(b)(6) as a failure to state claim under the notice pleading standard." *Herman v. Miller*, Civil Action No. 2:18-cv-1509-BHH, 2019 U.S. Dist. LEXIS 162806, at *20-21 (D.S.C. Sep. 24, 2019) (holding that the allegations are insufficient to satisfy the notice pleading standard that requires "enough factual details to put the

opposing party on fair notice of the claim and the grounds upon which it rests." (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544 at 555 (2007))).

Here, in her Objections, Plaintiff points to independent paragraphs of her Complaint that are allegedly related to the Civil Conspiracy claim. Even if taken as true, the Individual Defendants are not put on fair notice of the claim and grounds upon which the sporadic factual assertion lies. Furthermore, Plaintiff's Objections do not provide an explanation as to why the myriad of factual citations should be treated as "independent of the underlying discrimination claim." *See Id.* (ECF No. 18, p. 8.)

In her Objections, Plaintiff's sporadic listing of Paragraphs 28, 31, 37, and 38 from her Complaint only reinforces the Report's finding that the facts as alleged by Plaintiff are not "separate and apart" from the allegations giving rise to her Title VII claim. (ECF No. 18, pp. 7-9.) Plaintiff argues that the assortment of facts plucked out of the Complaint serve as the actions taken by the Individual Defendants "in furtherance of the conspiracy" and that the Magistrate Judge "overlooked them when issuing the Report." (ECF No. 18, p. 8.) However, the Complaint does not reflect or relate any specific facts, other than by incorporation or by realleging, the bulk of the allegations in the Complaint, to the Civil Conspiracy claim. The only indication that any individual or set of facts should be applied to the Civil Conspiracy claim, come from Plaintiff's Objections.

The sheer inconsistency in the arrangement of the paragraphs listed in the Objections that may or may not apply to the Civil Conspiracy claim, lends itself to show the lack of "fair notice" to the Individual Defendants that warrants dismissal under Fed. R. Civ. Pro. 12(b)(6) and *Twombly*. As was the case in *Herman*, the Court should dismiss the Civil Conspiracy claim despite Plaintiff's attempt to identifying potential factual claims that allegedly support her claim against the

Individual Defendants only in her Objections to the Report and not in the Complaint itself. *See Id.*, 2019 US Dist. at *20-21.

Therefore, based on Plaintiff's failure to plead additional acts in furtherance of the Civil Conspiracy, the Individual Defendants respectfully request that the Court disregard Plaintiff's specific Objection and adopt the Report recommending that the Individual Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

**B. The Court should disregard Plaintiff's second specific objection and should adopt the Report dismissing the Civil Conspiracy cause of action because the Magistrate Judge correctly concludes that the Complaint fails to allege special damages not caused by the Title VII claim.**

In concluding that Plaintiff failed to adequately allege special damages in the alleged Civil Conspiracy cause of action, the Report correctly finds that the Complaint fails to state a claim for Civil Conspiracy and should, therefore, be dismissed. (ECF No. 17, p.8.)  The Report properly finds that Plaintiff insufficiently alleged special damages because Plaintiff fails to identify the damages that were not caused by the alleged discrimination claim; therefore, they are encompassed by the discrimination claim and cannot be separate damages for the purpose of setting forth a Civil Conspiracy claim. (ECF No. 17, p. 8.)

As aptly stated in the Report and emphasized in the Individual Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF No. 17, p 8; ECF No. 9-1, pp. 7-8, *respectively*), a plaintiff fails to adequately plead special damages from a conspiracy, warranting dismissal under Fed. R. Civ. Pro 12(b)(6), if the complaint fails to plead damages that "arose **specifically because of the conspiracy itself**, and that **were not caused by** an underlying claim]." *Murphy*, 260 F. Supp. 3d at 504. (emphasis added).

In similar fashion to the manner in which the "additional acts" were not specified between the two causes of action in § A, *supra*, Plaintiff failed to discern that the Civil Conspiracy damages

arose "specifically because of the conspiracy itself **and not caused** by the [underlying claim]." *See Id*. (emphasis added). In both causes of action, Plaintiff alleges her damages arose from the loss of her employment with the District. (*See* ECF 1-1, ¶ 46 "alleging race discrimination as the reason for Plaintiff's termination"; *see also* ECF No. 1-1, ¶ 52 alleging the Individual Defendants deprived her of her position.") Clearly, the source of Plaintiff's reasoning for pursuing both causes of action arises out of Plaintiff's loss of employment with the remaining Defendant Greenwood County School District 52. However, in Paragraphs 49-54 of the Complaint, Plaintiff does not address the nature or extent in which the alleged damages are "not caused by" the underlying Title VII discrimination claim. Plaintiff's Complaint merely ticks off a list of nuanced damages that lack factual support discerning how they arose as a "result of the conspiracy itself" and that those special damage were not caused by "damages from the Title VII claim" as required by *Murphy*. *See Id*. (ECF No. 1-1, ¶¶ 49-54.) In this case, Plaintiff's damages arose from the same cause, and Plaintiff does not allege that the special damages in the Civil Conspiracy claim were not "caused by the underlying claim."

In her Objections, Plaintiff fails to address the lack of distinction between the damages not caused by the underlying Title VII claim, despite the Report's clear indication of this requirement from *Murphy*. Plaintiff's objections focus on an alternate special damages pleadings requirement not directly raised by the Report.

Plaintiff inappropriately relies on *Grady v. Spartanburg Sch. Dist. Seven*, No. 7:13-cv-2020-GRA-JDA, 2013 U.S. Dist. LEXIS 186278 (D.S.C. Nov. 25, 2013), in arguing that the alleged special damages in the Complaint are sufficient. (ECF No. p. 10-11.) In *Grady*, the Court adopted, without discussion, the assertion that the special damages alleged in the plaintiff's complaint were, as alleged, enough as to not being duplicative and at minimum "going beyond"

the damages alleged in the various underlying employment discrimination claims. *Id.* In this case, Plaintiff's allegations concerning her alleged Civil Conspiracy damages do not "go[] beyond" the damages alleged in her Title VII claim; to that end, her case can be distinguished from *Grady*.

Plaintiff, on the other hand, incorrectly extrapolates from the Report that the item at issue is the nuanced verbiage related to the types of damages (*e.g.*, blacklisting, ostracizing, or pain and suffering, and *etc.*.). The Individual Defendants argue that the Report does not take issue with the specificity of each alleged damage but rather finds there is a lack of factual allegations supporting how the damages "specifically arose from the conspiracy itself," and factual allegations clearly showing how the special damages in the civil conspiracy section were "not caused by to the [underlying Title VII] claim. *Murphy*, 260 F. Supp. at 504. (*See* ECF No. 17, p 8.)

Furthermore, in her Objections, Plaintiff fails to discuss the fact that *Grady* was recommended in 2013, and adopted in 2014, without the benefit of this Court's published holding in *Murphy*. The Individual Defendants do not argue that the Court should disturb its holding in *Grady* but rather point out that *Murphy* addresses a parallel topic that was presented to the parties in the Report. Stated another way, Plaintiff is arguing a legal topic not in dispute by the Report and thereby fails to address the standard in *Murphy* as to the lack of special damages in the Complaint. (ECF No. 18, p. 9-11.)

With only the bare assertion of a set of arbitrary damages potentially related to loss of employment, which gives rise to both causes of action, and by not stating with factual support the special damages "are not caused by the underlying claim," Plaintiff has failed to properly allege the special damages element as of Civil Conspiracy under *Murphy*. Thus, Plaintiff's Complaint does not properly allege all the vital special damages element of Civil Conspiracy under South Carolina state law.

Therefore, Plaintiff's Civil Conspiracy cause of action is insufficiently pleaded for lack of special damages, and the Individual Defendants respectfully request that the Court disregard Plaintiff's specific Objection and adopt the Report recommending that the Individual Defendants' Motion to Dismiss be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

## CONCLUSION

Based on the reasons set forth above and in their Memorandum of Law in Support of their Motion to Dismiss for failure to state a claim, the Individual Defendants respectfully request this Court to adopt the Report (ECF No. 17) in full and grant their Motion to Dismiss (ECF No. 9), dismissing Individual Defendants *with prejudice*.

*Respectfully Submitted,*

WHITE & STORY, LLC

By: *s/ J. Alexander Sherard*
    Ashley C. Story (Fed ID No. 11505)
    J. Alexander Sherard (Fed ID No. 12777)
    P.O. Box 7036
    Columbia, SC  29202
    T: (803) 814-0993
    F: (803) 814-1183
    astory@sodacitylaw.com
    asherard@sodacitylaw.com

*Attorneys for Defendants*

November 13, 2019
Columbia, South Carolina