UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mamie Whitaker, ) | C/A No. 8:19-cv-01930-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Greenville County School District 52, Rex Ward,) | |
| David Schoolfield, Kaycee Bradley, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Partial Motion to Dismiss for failure to state a claim with respect to Plaintiff's claim for civil conspiracy. ECF No. 9. Plaintiff filed a Response in Opposition. ECF No. 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On October 16, 2019, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 17. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 18, 21.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

1

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts and applicable legal standards, which the Court incorporates by reference. The Magistrate Judge recommends dismissal of Plaintiff's civil conspiracy claim because she failed to identify any conduct in support of the alleged conspiracy that was not also a basis for the discrimination claim and also failed to adequately plead special damages. ECF No. 17.

With respect to the Magistrate Judge's conclusion that Plaintiff failed to allege acts in furtherance of the conspiracy, Plaintiff objects and argues that she has pled additional acts supporting a claim for civil conspiracy. She contends that the Magistrate Judge overlooked allegations regarding acts taken in furtherance of the civil conspiracy which were incorporated by reference under Plaintiff's civil conspiracy claim. Plaintiff points to the following four allegations in the Complaint that she asserts constitute actions, separate and apart, from actions underlying her discrimination claim:

> a. Defendant Schoolfield approving Plaintiff's request to teach Microsoft Word in August 2017, then retracting his approval in December 2017 and informing Plaintiff that she would have to teach keyboarding for the rest of the school year;
>
> b. Defendant Schoolfield instructing Defendant Bradley to provide Plaintiff with an unsatisfactory or failing evaluation;
>
> c. Defendant Bradley providing Plaintiff with a failing evaluation upon Defendant Schoolfield's instruction; and
>
> d. Defendant Schoolfield and Defendant Ward joining together to create obstacles for Plaintiff and to ultimately cause Plaintiff to fail her ADEPT evaluation.

ECF No. 18 at 8.

As noted in the Report, under her civil conspiracy claim, "Plaintiff realleges the foregoing where consistent herewith" and generally asserts that "[t]he individual defendants and others met, conspired, and schemed to cause Plaintiff harm." ECF No. 1 at 11. The Complaint fails to identify any additional conduct in support of the alleged conspiracy that is not also a basis for her discrimination claim. Accordingly, Plaintiff's objection is overruled.[1]  *See State Farm Life Ins. Co. v. Murphy*, 260 F. Supp. 3d 497,

---

[1] With respect to Plaintiff's argument that she pled four specific allegations that are independent from her claim for discrimination, this court has previously held that a complaint that merely realleges another claim along with a plaintiff's "contention that the allegations are independent of the other causes of action" without further explanation should be dismissed. *Herman v. Miller*, C/A No. 2:18-cv-1509-BHH, 2019 WL 4643573, at *7 (D.S.C. Sep. 24, 2019) (finding "that the allegations are insufficient to satisfy the notice pleading standard that requires 'enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

504 (D.S.C. 2017) ("[A] plaintiff cannot plead the same set of facts for the actionable wrong and the civil conspiracy, then expect to recover damages for both. In her claim for civil conspiracy, [the plaintiff] has merely incorporated by reference the alleged acts of [the defendants] in her intentional interference with contract claim and added conclusory allegations that [they] were engaged in a conspiracy." (citation omitted)); *Hackworth v. Greywood at Hammett, LLC,* 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) ("A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint.").

With respect to the Magistrate Judge's conclusion that Plaintiff failed to plead special damages arising from the conspiracy, Plaintiff objects and argues that she has alleged that her damages arising from the conspiracy include her ostracization, isolation, becoming blacklisted from the educational profession, increased anxiety, and punitive damages. ECF No. 18 at 10. She asserts that ostracization, isolation, and blacklisting are not damages that would also be encompassed by her discrimination claim.

The Court agrees with the Magistrate Judge that allegations that Plaintiff was ostracized, isolated, and blacklisted are damages that would be encompassed by her discrimination claim. In the Complaint, Plaintiff fails to provide any factual support for her assertion that these damages arose solely out of the alleged civil conspiracy and not out of the underlying Title VII claim.[2] Accordingly, Plaintiff's objection is overruled. *See*

---

[2] With respect to Plaintiff's reliance on *Grady v. Spartanburg School District Seven*, C/A No. 7:13-cv-02020-GRA-JDA, 2014 WL 1159406 (D.S.C. Nov. 25, 2013), the Court

*Murphy*, 260 F. Supp. 3d at 504 (holding a plaintiff fails to adequately plead special damages from a conspiracy when she fails to plead damages that "arose specifically because of the conspiracy itself, and that were not caused by the intentional interference with contract claim")

Plaintiff requests that, in the event the Court agrees with the recommendation of the Magistrate Judge, the Court allow Plaintiff an opportunity to amend her Complaint. In light of the early procedural posture of this case, the Court will allow Plaintiff to attempt to cure the above noted deficiencies by filing an amended complaint within 10 days.

Accordingly, the Court adopts the Report of the Magistrate Judge. Defendant's Motion to Dismiss [9] is **GRANTED**. Plaintiff may file an amended complaint setting out specific acts and specialized damages to support a claim for civil conspiracy within 10 days.

IT IS SO ORDERED.

| | |
|---|---|
| February 19, 2020 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

---

finds that the question of whether special damages have been sufficient pled is a case specific inquiry. Further, as noted by Defendants in their Reply, *Grady* was an unpublished decision decided in 2014, while *Murphy* is a published decision decided in 2017. To the extent there is any tension between these decisions, the holding in *Murphy* controls.